AO93 Search and Seizure Warrant



# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of

Information associated with kerwinelliot@gmail.com, help@Loon-A-Tech.com, and Elliot_P_Kerwin@gmail.com that is stored at premises owned or controlled by Google LLC

Case No. 20-9347 MB

**(Filed Under Seal)**

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Northern District of California:

### As further described in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

### As set forth in Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before November 27, 2020   *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona.</u>

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 11/13/2020 1:10 PM

*Judge's signature*

City and state: <u>Phoenix, Arizona</u>

<u>Honorable Eileen S. Willett, U.S. Magistrate Judge</u>
*Printed name and title*

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to information associated with the identifiers listed below, which are stored at premises controlled by Google, a company located at 1600 Amphitheatre Parkway, Mountain View, CA 94043, which accepts service of legal process at https://lers.google.com/. The following email addresses have been preserved by Google pursuant to a request made under 18 U.S.C. § 2703(f) with Google Reference Number: 4601349.

kerwinelliot@gmail.com
help@Loon-A-Tech.com[1]
Elliot_P_Kerwin@gmail.com

---

[1] The email account with domain "Loon-A-Tech.com" may be a G Suite account. Investigative activity conducted by the FBI indicated that the subject of the investigation manages the Loon-A-Tech.com domain. Therefore, seeking the requested records from the organization would be detrimental to the investigation.

## ATTACHMENT B

### Particular Things to be Seized

**I.     Information to be disclosed by Google (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is stored, held or maintained inside or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A, for the time period from the date of compliance going back to November 1, 2019 or account creation, whichever is more recent:

a.     The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, and deleted emails; attachments; the source and destination addresses associated with each email; the size, length, and timestamp of each email; and true and accurate header information including the actual IP addresses of the sender and recipients of the emails;

b.     The contents of all records associated with the account in Google Drive (including Docs, Sheets, Forms, and Slides) and Google Keep, including: files, folders, media, notes and note titles, lists, applications, and other data uploaded, created, stored, or shared with the account including drafts and deleted records; third-party application data and backups; SMS data and device backups; the creation and change history of each record; accounts with access to or which previously accessed each record; any location, device, other Google service (such as Google

1

Classroom or Google Group), or third-party application associated with each record; and all associated logs, including access logs and IP addresses, of each record.

      c.     The contents of all records associated with the account in Google Cloud Filestore, Google Cloud Storage, and Google Cloud Data Transfer, including: files, folders, media, notes and note titles, lists, applications, and other data uploaded, created, stored, or shared with the account including drafts and deleted records; third-party application data and backups; SMS data and device backups; the creation and change history of each record; accounts with access to or which previously accessed each record; any location, device, other Google service (such as Google Classroom or Google Group), or third-party application associated with each record; and all associated logs, including access logs and IP addresses, of each record.

      d.     The contents of all chat messages and logs associated with the accounts, including Google Voice and Google Hangouts messages;

      e.     The contents of all SMS messages and logs associated with the accounts, including Google Voice and Google Hangouts messages;

      f.     All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses, user-agent strings, and MAC addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

      g.     The types of service utilized;

h.      All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

i.      All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken;

j.      All Internet search and browsing history, and application usage history, including Web & App Activity, Voice & Audio History, Google Assistant, and Google Home, including: search queries and clicks, including transcribed or recorded voice queries and Google Assistant responses; browsing history, including application usage; bookmarks; passwords; autofill information; alerts, subscriptions, and other automated searches, including associated notifications and creation dates; user settings; and all associated logs and change history.


The provider is hereby ordered to disclose the above information to the government within 14 days of service of this warrant.

**Special Agent Leigh Wiegert**
**Federal Bureau of Investigation**
**21711 N 7th St**
**Phoenix, AZ 85024**
**lewiegert@fbi.gov**
**623-466-1280**

3

## II.    Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. § 1028(a)(7), Unlawful Possession of a Means of Identification, 18 U.S.C. § 1030(a)(2)(C), Fraud and Related Activity in Connection with Computers, and 18 U.S.C §§ 371 & 1030(b), Conspiracy, for each account or identifier listed on Attachment A, pertaining to the following matters:

(a) The storage, either currently or previously, of data procured by the subject as a result of the crime under investigation;

(b) Evidence indicating how and when the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the account owner;

(c) Evidence indicating the account owner's state of mind as it relates to the crime under investigation;

(d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person;

(e) Preparatory steps taken in furtherance of the intrusion, communications regarding execution of the intrusion, and information regarding tools used for in furtherance of the intrusion; and

(f) Records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and

instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

AO 106 Application for a Search Warrant



# UNITED STATES DISTRICT COURT
## for the
### District of Arizona

In the Matter of the Search of

Information associated with kerwinelliot@gmail.com, help@Loon-A-Tech.com, and Elliot_P_Kerwin@gmail.com that is stored at premises owned or controlled by Google LLC

Case No.  20-9347 MB

**(Filed Under Seal)**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

located in the Northern District of California, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 18 U.S.C. § 1028(a)(7) | Unlawful Possession of a Means of Identification |
| 18 U.S.C. § 1030(a)(2)(C) | Fraud and Related Activity in Connection with Computers |
| 18 U.S.C § 1030(b), 371 | Conspiracy |

The application is based on these facts:

**See Attachment C, Affidavit of Probable Cause, Incorporated by Reference**

☒ Continued on the attached sheet.
☐ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA
M. Bridget Minder

*Bridget Minder*

Digitally signed by MARY MINDER
Date: 2020.11.13 11:57:30
-07'00'

Subscribed and sworn to telephonically:

Date: 11/13/2020   1¹⁰ PM

City and state: Phoenix, Arizona

*Applicant's Signature*

Leigh E. Wiegert, Special Agent, FBI
*Printed name and title*

*Judge's signature*

Honorable Eileen S. Willett, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the identifiers listed below, which are stored at premises controlled by Google, a company located at 1600 Amphitheatre Parkway, Mountain View, CA 94043, which  accepts service of legal process at https://lers.google.com/. The following email addresses have been preserved by Google pursuant to a request made under 18 U.S.C. § 2703(f) with Google Reference Number: 4601349.

kerwinelliot@gmail.com
help@Loon-A-Tech.com[1]
Elliot_P_Kerwin@gmail.com

---

[1] The email account with domain "Loon-A-Tech.com" may be a G Suite account. Investigative activity conducted by the FBI indicated that the subject of the investigation manages the Loon-A-Tech.com domain. Therefore, seeking the requested records from the organization would be detrimental to the investigation.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be disclosed by Google (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is stored, held or maintained inside or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A, for the time period from the date of compliance going back to November 1, 2019 or account creation, whichever is more recent:

a.      The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, and deleted emails; attachments; the source and destination addresses associated with each email; the size, length, and timestamp of each email; and true and accurate header information including the actual IP addresses of the sender and recipients of the emails;

b.      The contents of all records associated with the account in Google Drive (including Docs, Sheets, Forms, and Slides) and Google Keep, including: files, folders, media, notes and note titles, lists, applications, and other data uploaded, created, stored, or shared with the account including drafts and deleted records; third-party application data and backups; SMS data and device backups; the creation and change history of each record; accounts with access to or which previously accessed each record; any location, device, other Google service (such as Google

1

Classroom or Google Group), or third-party application associated with each record; and all associated logs, including access logs and IP addresses, of each record.

       c.      The contents of all records associated with the account in Google Cloud Filestore, Google Cloud Storage, and Google Cloud Data Transfer, including: files, folders, media, notes and note titles, lists, applications, and other data uploaded, created, stored, or shared with the account including drafts and deleted records; third-party application data and backups; SMS data and device backups; the creation and change history of each record; accounts with access to or which previously accessed each record; any location, device, other Google service (such as Google Classroom or Google Group), or third-party application associated with each record; and all associated logs, including access logs and IP addresses, of each record.

       d.      The contents of all chat messages and logs associated with the accounts, including Google Voice and Google Hangouts messages;

       e.      The contents of all SMS messages and logs associated with the accounts, including Google Voice and Google Hangouts messages;

       f.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses, user-agent strings, and MAC addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

       g.      The types of service utilized;

h.      All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

i.      All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken;

j.      All Internet search and browsing history, and application usage history, including Web & App Activity, Voice & Audio History, Google Assistant, and Google Home, including: search queries and clicks, including transcribed or recorded voice queries and Google Assistant responses; browsing history, including application usage; bookmarks; passwords; autofill information; alerts, subscriptions, and other automated searches, including associated notifications and creation dates; user settings; and all associated logs and change history.


The provider is hereby ordered to disclose the above information to the government within 14 days of service of this warrant.

**Special Agent Leigh Wiegert**
**Federal Bureau of Investigation**
**21711 N 7th St**
**Phoenix, AZ 85024**
**lewiegert@fbi.gov**
**623-466-1280**

3

## II.    Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. § 1028(a)(7), Unlawful Possession of a Means of Identification, 18 U.S.C. § 1030(a)(2)(C), Fraud and Related Activity in Connection with Computers, and 18 U.S.C §§ 371 & 1030(b), Conspiracy, for each account or identifier listed on Attachment A, pertaining to the following matters:

(a) The storage, either currently or previously, of data procured by the subject as a result of the crime under investigation;

(b) Evidence indicating how and when the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the account owner;

(c) Evidence indicating the account owner's state of mind as it relates to the crime under investigation;

(d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person;

(e) Preparatory steps taken in furtherance of the intrusion, communications regarding execution of the intrusion, and information regarding tools used for in furtherance of the intrusion; and

(f) Records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and

instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

ATTACHMENT C

**AFFADAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Leigh Wiegert, having been first duly sworn, hereby depose and state as follows:

1.     This application seeks information related to three email accounts and their associated Google accounts belonging to Elliot Kerwin. From at least October 21, 2020 until November 2, 2020, Kerwin gained unauthorized access to voter registration and other personal information of hundreds of thousands of Arizona voters, including hundreds of voters whose information was protected from public disclosure (such as crime victims, judges, and law enforcement personnel). Kerwin reported to agents that he initially saved some of the information to a Google drive. A search of the email and Google accounts will help law enforcement identify any co-conspirator(s) and reveal evidence regarding the means by which Kerwin gained unauthorized access to the protected information and what he did with the confidential and other personal information.

**INTRODUCTION AND AGENT BACKGROUND**

2.     I make this affidavit in support of an application for a search warrant for information associated with certain accounts that are stored at premises controlled by Google LLC (Google), a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(l)(A) to require Google to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

1

3.      I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since January 2019. I have received training at the Basic Field Training Course in Quantico, Virginia, with the FBI. My current responsibilities include investigating cyber-related federal crimes. I hold a Bachelor of Science in Electrical and Computer Engineering. Prior to becoming a federal law enforcement officer, I worked as a Software Test Engineer, then as a Software Engineer/Developer, for approximately five years. While employed as a law enforcement officer, I have investigated various crimes relating to cybercrime and fraud, and participated in multiple search warrants. I am currently assigned to the FBI Field Office in Phoenix, Arizona.

4.      This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1028(a)(7), Unlawful Possession of a Means of Identification, 18 U.S.C. § 1030(a)(2)(C), Fraud and Related Activity in Connection with Computers, and 18 U.S.C §§ 371 & 1030(b), Conspiracy, have been committed by Elliot Kerwin. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, or fruits of these crimes further described in Attachment B.

6.      This Application specifically seeks access to records and information, including contents from the email accounts listed in Attachment A and their associated Google accounts (the "subject accounts"). As described below in greater detail, there is probable cause to believe the subject accounts have been used to store protected information gained through exceeding authorized access to protected computers, and will contain evidence of the crimes and the

disposition of the proceeds along with evidence of the individuals accessing and using the email accounts.

## JURISDICTION

7.       This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

### Summary

8.       During a consensual, non-custodial interview on November 5, 2020, Elliot Kerwin admitted that he had discovered a vulnerability in the way an Arizona county-run government office ("Victim Office") made voter registration information available to individual voters through its website. Kerwin also admitted that he wrote an automated script to access and extract individual voters' registration information from Victim Office's website that ran from at least October 21, 2020 until Victim Office discovered it on November 2, 2020. Kerwin also admitted using a Google Cloud storage account associated with his email accounts to store some of the voter registration information he downloaded during this time.

### Background

9.       Victim Office maintains voter registration information for the millions of registered voters who live within the county Victim Office serves. Voter registration information is stored on protected computers, as that term is defined in 18 U.S.C. § 1030(e)(2).[1] Victim Office maintains

---

[1] Specifically, Victim Office's computers are protected computers under 18 U.S.C. § 1030(e)(2)(B), which defines protected computers as those used in or affecting interstate commerce, and/or the newly enacted 18 U.S.C. § 1030(e)(2)(C), which defines protected

a website that allows county residents to find their voter registration and personalized election information. To access his/her voter registration information and personalized election information, an individual must perform two steps on Victim Office's website:

    a.  Enter his/her (i) date of birth, (ii) last name, and (iii) home address number; and

    b.  Enter one of the following personal identifiers: (i) last four digits of social security number, (ii) driver's license number, (iii) voter ID number, or (iv) state ID number.

10.    Once an individual successfully completed those two steps, he/she could view his/her name, address, voter registration status, ballot status, party affiliation, and permanent early voting list status. If an individual's voter registration and personal information is protected from public disclosure, the website blocks the name, address, voter registration status, party affiliation, and permanent early voting list. Voters who can seek to have their information protected include victims of domestic violence, judges, and law enforcement personnel.

11.    On November 2, 2020, Victim Office notified the FBI that it discovered an automated script had been accessing and extracting individual voters' registration information since approximately October 21, 2020 at a rate of approximately 30 voters per minute. Of particular concern, the script also accessed voter registration information, including name and address, for approximately 930 voters whose information is protected from public disclosure.

12.    Based on my training and experience, on information provided by Victim Office, and as later confirmed by Kerwin, the script exploited the system by which Victim Office

---

computers as those that are part of a voting system, that are used for the management, support, or administration of a Federal election, or that have moved in or otherwise affect interstate or foreign commerce.

4

formatted the URL for individual voters' registration information.[2] After an individual completed the steps outlined in paragraph 6 above, the resulting page (displaying the individual's voter registration and personal information) included the voter's seven-digit voter ID number within the URL (an example URL, with the location of the voter ID highlighted, is: /voteridcard/getid.aspx?voterID=XXXXXXX). If the seven-digit voter ID number within the URL was changed, the voter registration information for the individual tied to the new (changed) voter ID would appear. The automated script generated repeated individual requests in the URL, changing the voter ID with each request, to retrieve different voter registration and personal information for hundreds of thousands of registered voters.[3] This automated script allowed Kerwin to evade Victim Office's measures to ensure individuals access only their own information (as described in paragraph 9 above) and to repeatedly access other individuals' voter registration information.[4]

13.    According to information provided by Victim Office to the FBI, the unauthorized access of voter registration information between October 21 and November 2 is attributable to a single IP address: 24.56.27.78, which is registered to Cox Communications.

_____

[2] URL stands for Uniform Resource Locator and is used as a way to identify the location of a file on the Internet.

[3] For example, the script would insert at the appropriate place in the URL the voter ID 3000001, then it would insert 3000002, then 3000003, and so on.

[4] Under Arizona law, political parties are provided with voter registration information and voter lists are also available for public inspection at local election offices. Voter information can only be used for non-commercial purposes relating to political party activity, a campaign or election, or for revising election district boundaries. A person in possession of information derived from voter registration forms or precinct registers can't distribute, post or otherwise provide access to any portion of that information through the internet. A person who violates Arizona laws regarding use and dissemination of voter information is guilty of a class 6 felony. *See* A.R.S. § 16-168.

14.     Information provided by Cox Communications through legal process revealed that the IP address 24.56.27.78 is leased to the following physical address: 12828 N. Mountainside Dr. #102, Fountain Hills, Arizona. Based on my knowledge and experience, the unauthorized voter registration information was accessed by a computer device attached the IP address located at the mentioned physical address.

15.     In a consensual, non-custodial interview on November 3, 2020, the homeowner in unit #102 reported she shares the internet service registered in her name with Elliot Kerwin and his wife, who live next door in unit #101. The homeowner reported that Elliot Kerwin, utilizes the majority of the data for the internet service shared by unit #102 and unit #101. The homeowner also reported that Kerwin has a background in IT; she had recently received two warnings from Cox regarding a surge in data usage on the shared internet plan; and when she received a similar warning approximately one year ago, she confronted Kerwin about it and he explained the excessive data use was related to his work projects.

### The Search and Interview of Kerwin

16.     On November 4, 2020, the Honorable Michael T. Morrissey authorized a search warrant, Case No. 20-3262MB. The warrant authorized agents to search Kerwin's residence, vehicles and person for electronic devices and to search those devices for specified evidence related to the unauthorized access of voter information from Victim Office's website.

17.     FBI Special Agents executed the search warrant at Kerwin's residence on November 5, 2020. During the execution of the warrant, agents conducted a consensual, non-custodial interview of Kerwin who reported:

       a.   Around September 2020, while looking at his own voter registration information, he discovered a vulnerability in the Victim Office's website that allowed him to

view other voters' registration information.

b.  He developed and tested an automated script ("the script") to exploit the vulnerability to access and extract voter registration data from the Victim Office's website.

c.  He used the script to extract a small amount of data around this time (September 2020) and then stopped because the script did not work correctly.

d.  Around the beginning of October 2020, he made some improvements to the script and began running it again.

e.  He ran the script until the Victim Office fixed the vulnerability, on or about November 2, 2020.

f.  He stored the extracted records both on personal hard drives and on his Google Cloud account.

g.  After the vulnerability was fixed, he deleted the records from his Google Cloud.

18.  In the interview, Kerwin first advised that the Google Cloud account was tied to email address **Elliot_P_Kerwin@gmail.com**. Kerwin then advised the Google Cloud account was tied to **help@Loon-A-Tech.com**[5] and **kerwinelliot@gmail.com**.

---

[5] The email account with domain "Loon-A-Tech.com" may be a Google Workspace account (formerly known as G Suite). Google Workspace is a collection of cloud computing and productivity applications offered by Google to business customers that includes email and cloud storage, among other applications. Based on my training and experience, I know that when a search warrant seeks information or content about a business customer (as opposed to an individual), Google often requests that the search warrant or other legal process be directed to the customer, not Google. Because Kerwin manages the Loon-A-Tech.com domain, seeking the requested records from him could be detrimental to the investigation as Kerwin could delete or alter records before producing them to the FBI.

**Background Regarding Google**

19.     In my training and experience, I have learned that Google provides a variety of on-line services, including electronic mail ("email") access, to the public. Google allows subscribers to obtain email accounts at the domain name gmail.com, like the email accounts listed in Attachment A. Subscribers obtain an account by registering with Google. During the registration process, Google asks subscribers to provide basic personal information. Therefore, the computers of Google are likely to contain stored electronic communications (including retrieved and unretrieved email for Google subscribers) and information concerning subscribers and their use of Google services, such as account access information, email transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

20.     A Google subscriber can also store with the provider files in addition to emails, such as address books, contact or buddy lists, calendar data, pictures (other than ones attached to emails), and other files, on servers maintained and/or owned by Google. If the subscriber deletes any of these files, Google may still be able to provide the deleted file, depending on the type of file and length of time elapsed since deletion. In my training and experience, evidence of who was using an email account may be found in address books, contact or buddy lists, email in the account, and attachments to emails, including pictures and files.

21.     In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment

8

(including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that even if subscribers insert false information to conceal their identity, I know that this information often provide clues to their identity, location or illicit activities.

22.     In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

23.     In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence

of the crimes under investigation because the information can be used to identify the account's user or users.

24.     This application seeks a warrant to search all responsive records and information under the control of Google, a provider subject to the jurisdiction of this court, regardless of where Google has chosen to store such information. The government intends to require the disclosure pursuant to the requested warrant of the contents of wire or electronic communications and any records or other information pertaining to the customers or subscribers if such communication, record, or other information is within Google's possession, custody, or control, regardless of whether such communication, record, or other information is stored, held, or maintained outside the United States.

25.     As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed or used. For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and

geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (e.g., location information integrated into an image or video sent via email). Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt (e.g., deleting communications in an effort to conceal them from law enforcement).

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

26.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and (c)(1)(A), by using the warrant to require Google to disclose to the government copies of the records and other information (including the content of communications and stored data) particularly described in Section 1 of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION AND REQUEST FOR SEALING

27.     Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on Google Inc. who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

28.     I further request that this Court order that all papers in support of this application, including the affidavit and search warrant, this Court's Order, and search warrant return be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

29.     This affidavit is being sworn telephonically before a United States Magistrate Judge legally authorized to administer and oat for this purpose. I have thoroughly reviewed the affidavit and the attachments to it and attest that there is sufficient evidence to establish probable cause to believe the criminal statutes referenced have been violated and that evidence of the violations may be found in the property described in Attachment A.

Respectfully submitted,

Leigh E. Wiegert
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me telephonically on ___Nov. 13_____, 2020.

HONORABLE EILEEN S. WILLETT
United States Magistrate Judge

12