IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of the Search of Information associated with kerwinelliot@gmail.com, help@Loon-A-Tech.com, and Elliot_P_Kerwin@gmail.com that is stored at premises owned or controlled by Google LLC. | Case No. 20-9347MB<br>**ORDER**<br>**(Filed Under Seal)** |

SEALED

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an order directing Google, LLC ("the Service Provider"), an electronic communications service provider and/or remote computing service, not to disclose the existence of the search warrant issued in the above-captioned matter to any person or entity (including the subscriber(s) or customer(s) of the account(s) listed in the warrant), for an additional 180 days.

The Court determines that there is reason to believe that notification of the existence of the warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b).

**IT IS THEREFORE ORDERED** under 18 U.S.C. § 2705(b), that the Service Provider shall not disclose the existence of the search warrant, or any Order of the Court issued in the above-captioned matter, to any person or entity (including the subscriber(s)

or customer(s) of the account(s) listed in the warrant), for an additional 180 days, unless further extensions are granted by the Court, except that the Service Provider may disclose the warrant to an attorney for the Service Provider for the purpose of receiving legal advice.

**IT IS FURTHER ORDERED** that the Search Warrant and Return, the Application for Search Warrant, the Affidavit and any attachments thereto, the Application for Nondisclosure and Motion to Seal, and the resulting order filed in this matter shall remain under seal for an additional 180 days, unless further extensions are granted by the Court.

**IT IS FURTHER ORDERED** that the nondisclosure order and the order to seal shall both be extended from May 12, 2021, to and including November 8, 2021.

**IT IS FURTHER ORDERED** that the instant Motion and this Order be filed under seal.

DATED this 21 day of April, 2021.

HONORABLE MICHELLE H. BURNS
United States Magistrate Judge

PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona

M. BRIDGET MINDER
Arizona Bar No. 023356
Email: Mary.Minder@usdoj.gov
WILLIAM G. VOIT
Arizona State Bar No. 025808
Email: William.Voit@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of the Search of Information associated with kerwinelliot@gmail.com, help@Loon-A-Tech.com, and Elliot_P_Kerwin@gmail.com that is stored at premises owned or controlled by Google LLC. | Case No. 20-9347MB<br><br>**MOTION TO EXTEND TIME FOR NONDISCLOSURE ORDER AND TO MAINTAIN SEARCH WARRANT MATERIALS UNDER SEAL**<br><br>(First Extension)<br><br>(Filed Under Seal) |

SEALED

On November 13, 2020, the Court authorized a search warrant in the above-captioned matter and issued an order directing Google, LLC ("the Service Provider") not to disclose the existence of the search warrant to any person or entity (including the subscriber(s) or customer(s) of the account(s) listed in the warrant) for 180 days, unless further extensions were granted by the court. In addition, the Court ordered that the Search Warrant and Return, the Application for Search Warrant, the Affidavit and any attachments thereto, the Nondisclosure Application and Order, the Motion to Seal, and the Order to Seal filed in this matter ("the Sealed Materials") would remain under seal for 180 days, unless further extensions were granted by the Court. The current date on which the nondisclosure order and order to seal are both set to expire is May 12, 2021. The United States is now seeking an order extending both the nondisclosure order and the order to seal for an

additional 180 days.

The Service Provider is a provider of electronic communications services, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). The Service Provider has disclosed certain records and information to the United States as authorized by the Court. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

Moreover, a 180-day extension is permissible under 18 U.S.C. § 2705(b). Whereas other sections authorize *delayed notification by the government* and include time limitations—*see, e.g.*, 18 U.S.C. § 2705(a) (90 days), 18 U.S.C. § 3103a(b) (generally 30 days)—section 2705(b) authorizes the Court to *prohibit the service provider from notifying the customer* and does not reference a particular time period. Instead, it allows the Court to issue an order "for such period as the court deems appropriate." Nothing in the statute prescribes a particular time period or prohibits an extension of that period. *Cf. In Re Search Warrant for [Redacted]@hotmail.com*, 74 F. Supp. 3d 1184, 1186 (N.D. Cal. 2014) (denying application for § 2705(b) order for indefinite period because "[a] limited period of nondisclosure, as justified by the government's initial application, coupled with an obligation on the government to seek renewal if the circumstances justifying the initial period remain in effect, better squares with Section 2705(b)'s language and purpose").

Similarly, an order extending the sealing of the Sealed Materials is authorized and appropriate. *See Matter of Search Warrants Executed on February 14, 1979*, 600 F.2d 1256, 1257 (9th Cir. 1979) ("[c]ourts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations."). Sealed Materials are regularly maintained under seal by the Court pending the completion of a criminal investigation.

Here, an extension of both the nondisclosure order and the sealing order is

appropriate because the search warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

Based on the foregoing, the United States respectfully requests that the Court grant the attached order directing the Service Provider not to disclose the existence or content of the search warrant for an additional 180 days, except that the Service Provider may disclose the warrant to an attorney for the Service Provider for the purpose of receiving legal advice. The United States further requests that the Court order the Sealed Materials to remain sealed for an additional 180 days, unless further extensions are granted by the Court.

The United States further requests that this Motion and any resulting order be filed under seal.

Respectfully submitted this 21th day of April, 2021.

PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona

Digitally signed by WILLIAM VOIT
Date: 2021.04.21 10:15:16 -07'00'

WILLIAM G. VOIT
M. BRIDGET MINDER
Assistant U.S. Attorneys